IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Corbis Corporation,                                                                Case No. 3:07CV3741

        Plaintiff

    v.                                                                                        ORDER

Nick Starr, an individual,
        d/b/a Master Maintenance

        Defendant

        This is a copyright infringement case. Plaintiff Corbis Corporation [Corbis] claims that Nick Starr d/b/a Master Maintenance [Master] and West Central Ohio Internet Link, Ltd. [West Central] are jointly and severally liable for copyright infringement. Corbis asserts that Master, directly, and West Central, vicariously, acted in a willful manner in placing four copyrighted pictures on Master's website. Corbis, furthermore, seeks attorney's fees.

        Jurisdiction is proper under 28 U.S.C. § 1331. Pending is plaintiff's motion for partial summary judgment [Doc. 35]. For the following reasons, plaintiff's motion shall be granted in part and denied in part.

**Background**

In 2004, defendant Master, a janitorial maintenance company, hired defendant West Central, an internet-related services company, to redesign and host its website. Master decided to redesign its site, in part, to emphasize its industrial cleaning business.

Master employees including Robert Riepenhoff supervised and approved the site's design and publication. The site contained two pictures supplied by Riepenhoff, in addition to other images. Defendants dispute the origin of the additional images.

West Central contends that when it designs a website, it requires its customers to provide all content, information, text and images for publication on the site. It asserts that Master provided all images for its website.

Master, conversely, argues that with the exception of Riepenhoff's two images, it did not supply West Central with any pictures. Master states that after it was slow to provide additional images, West Central's web designer, Jason Stechschulte, supplied additional pictures. Despite the uncertainty of the images' origin, it is uncontested that neither Master nor West Central inquired into the lawfulness of their use of the images.

It is also undisputed that plaintiff Corbis owns four of the additional images published on Master's redesigned website. Corbis is a visual solutions provider, and owner of a large image collection of contemporary and archival photography, fine art, cartoons and footage.

To publicize its images, Corbis produces compact discs with samples of its photographs. These images are generally of a lower quality than its licensed photographs and contain digital watermarks. Corbis also displays images in its online library, and marks such images with visible and invisible digital watermarks.

Corbis does not allow reproduction, display or distribution of its images, unless the end user pays a licensing fee. Neither Master nor West Central purchased a license for any of the four images in dispute. Corbis believes the misappropriated pictures were samples and defendants removed their watermarks.

In Fall, 2006, through routine audit procedures, Corbis discovered Master's unauthorized use of its pictures. On November 17, 2006, Corbis sent Master a letter informing it of the infringement. Master responded by directing West Central to remove the pictures, which West Central did. On December 7, 2007, Corbis filed suit for copyright infringement against defendants.

**Standard of Review**

Summary judgment must be entered against a party who fails to make a sufficient showing of an essential element for which they bear the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The moving party bears initial responsibility to show the absence of a genuine issue of material fact. *Id.* at 323. "The burden shifts to the nonmoving party who must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of concrete evidentiary material in support of its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment the evidence of the non-moving party will be believed as true and all evidence will be construed in the light most favorable to them. *Eastman Kodak Co. v. Image Technical Servs.*, *Inc.*, 504 U.S. 451, 456 (1992). Summary judgment shall be rendered only if pleadings, depositions, answers to interrogatories, and admissions on file, together

with any affidavits, show there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. *Celotex, supra*, 477 U.S. at 323.

## Discussion

### 1. West Central's Direct Infringement

To establish a copyright infringement, plaintiff must establish: 1) its ownership of the copyright; and 2) copying by the defendant. *Zomba Enter.*, *Inc. v. Panorama Records*, *Inc.*, 491 F.3d 574, 581 (6th Cir. 2007); *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999). Corbis has met both of these requirements as to West Central

First, Corbis created a rebuttable presumption that it owns the images in question by supplying their certificates of registration. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."); *Hi-Tech Video Prod.*, *Inc. v. Capital Cities/ABC*, *Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995) (noting that plaintiffs create a rebuttable presumption of their status as copyright owners by filing a certificate of copyright).

West Central argues that Corbis' provision of the certificates of registration is insufficient because the certificate is for the collection, not for the particular images within the collection. I disagree: A certificate of copyright registration proves ownership of works in a collection even where the individual work is not listed on the certificate. *See King Records*, *Inc. v. Bennett*, 438 F. Supp. 2d 812, 841 (M.D.Tenn. 2006) ("While the case law in the Sixth Circuit is silent on this issue, other courts have found that registration of a collection extends copyright protection to each

copyrightable element in the collection."); *Sefton v. Jew*, 201 F. Supp. 2d 730, 748 n.14 (W.D. Tex. 2001) (citing *Szabo v. Errisson*, 68 F.3d 940, 944 (5th Cir. 1995)).

Corbis, furthermore, has proven that West Central copied Corbis' images by posting them on Master's website, which West Central redesigned and hosted on its server. *See Playboy Enters., Inc. v. Webbworld*, 991 F. Supp. 543, 551 (N.D. Tex. 1997) (finding the unauthorized reproduction of images on a computer server to violate plaintiff's copyright); Nimmer, 3 Nimmer on Copyright § 8.08 [A][5][a], 8-131-32 (2008) ("[T]he input of a work into a computer results in the making of a copy, and hence, that unauthorized input infringes the copyright owner's reproduction right.") (Nimmer).

I, therefore, find West Central directly liable for copyright infringement as a matter of law.

### 2. Master's Vicarious Liability

A defendant can be vicariously liable for copyright infringement. *See Sony Corp. v. Universal City Studios*, 464 U.S. 417, 435 (1984) (finding vicarious liability to apply to copyright law because it is "imposed in virtually all areas of the law," despite the Copyright Act's failure to explicitly authorize it).

To establish vicarious liability for copyright infringement, plaintiff must prove that Master received a financial benefit from the direct infringement and had the right and ability to stop or limit the infringement but failed to do so. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007); Nimmer, *supra*, § 12.04[2] (2009) ("defendant must have the right and ability to supervise the infringing conduct and secondly, the defendant must have an obvious and direct financial interest in the exploitation of copyrighted materials.").

Master used the copyrighted images for financial gain. Master redesigned its website for marketing purposes, to highlight its industrial cleaning business and attract new customers. Three of the four misappropriated images depicted janitorial and cleaning services. The use of copyrighted images to help draw customers can constitute a financial benefit. *See Perfect 10, Inc. v. Google, Inc.*, 416 F. Supp. 2d 828, 857 (C.D. Cal. 2006) (holding that even absent revenue, future hope of financial benefit constitutes a direct financial interest) *rev'd on other ground, Perfect 10, Inc.*, *supra*, 508 F.3d at 1175 n. 15 ("Having so concluded, we need not reach Perfect 10's argument that Google received a direct financial benefit.").

Master had the right and ability to stop or limit the copyright infringement and failed to do so. Master employees, Riepenhoff in particular, were responsible for approving changes to the site, including the placement of images.[1] Even if Master did not supply the images at issue, it had the authority to approve or reject their use.

Given Master's control over its website's content, and its financial interest in the images, I find it vicariously liable for West Central's direct copyright infringement as a matter of law.

### 3. Joint and Several Liability

When multiple parties infringe on a copyright, the parties are jointly and severally liable. *NCR Corp. v. Korala Assoc., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008) (noting that the common law doctrine that "one who knowingly participates or furthers a tortious act is jointly and severally liable

---

[1] Starr's deposition testimony supports this conclusion.

> Q. Who had ultimate creative approval over the website?
> A. Bob Riepenhoff.

[Doc. 34].

6

with the prime tortfeasor" applies in the context of copyright infringement); *Salton, Inc. v. Phillips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871, 877 (7th Cir. 2004) (applying joint and several liability to a federal copyright infringement); Nimmer, *supra*, § 8.08 [A][5][a], 8-131-32 (2008) ("Where two or more persons have joined in or contributed to a single infringement of a single copyright, they are all jointly and severally liable.").

Because both defendants are liable for the copyright infringement at issue, West Central directly and Master vicariously, joint and several liability applies.

### 4. Willfulness

As a remedy for copyright infringement, plaintiffs can recover either actual damages, including the infringer's profits, or statutory damages. 17 U.S.C. § 504(a)(1-2). Courts have the discretion to grant statutory damages in the amount of $750 to $30,000 per infringement. *Id*. at § 504(c)(1). If defendants willfully infringe on a copyright, courts may increase statutory damages to $150,000 per infringement. *Id*. at § 504(c)(2). Conversely, if an infringer successfully argues fair use or unawareness of the infringement, courts may decrease damages to $200. *Id*.

A party acts willfully if it has "actual or constructive knowledge that it was infringing the Plaintiff's copyright or else acted in reckless disregard of the high probability that it was infringing Plaintiff's copyright." *Tenn. Walking Horse Breeders' & Exhibitors Ass'n v. Nat'l Walking Horse Ass'n*, 528 F. Supp. 2d 772, 780 (M.D. Tenn. 2007) (citing *Zomba, supra*, 491 F.3d at 584-85). Defendants can invalidate a contention of willfulness by showing it acted reasonably and with a good faith belief that its conduct was innocent. *See Zomba, supra*, 491 F.3d at 584.

Corbis contends that defendants acted willfully in infringing on its copyright. Corbis asserts that the copyrighted images contained a digital watermark, which the defendants must have removed

because the images appeared on Master's website without a watermark. Despite this allegation, Corbis has neither proven that the images contained a watermark when they came into defendants' possession nor that defendants removed such mark.

This is because the origin of the misappropriated images is unclear. Defendants each argue that the other supplied the images. It is uncertain from where the images came. Resolution of this issue is crucial to a finding of willfulness on the part of either defendant. Without more information about the defendants' actions in procuring Corbis' images, I cannot find that they acted willfully as a matter of law.

In addition, Corbis argues that because neither defendant confirmed the legal propriety of the pictures, they acted with reckless disregard of the Copyright Act. I disagree: although such omission is one relevant factor in assessing willfulness, it is not, without more, dispositive. If I found otherwise, nearly all instances of copyright infringement would be willful, including the most ignorant and innocent.

Thus, I deny plaintiff's motion for summary judgment as to defendants' willfulness in posting its copyrighted images to Master's website. Determination of that issue must be for the trier of fact.

### 5. Attorney's Fees

Under the Copyright Act, courts have discretion to award attorney's fees. 17 U.S.C. § 505; *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 361 (6th Cir. 2007). Courts consider four non-exclusive factors in this determination, including the claim's frivolousness, motivation, reasonableness and deterrence. *Id.*

At this time, it is premature to determine whether to award attorney's fees. Genuine issues of material fact exist as to the origin of the misappropriated pictures, and to the parties' willfulness. As such, I hold such ruling in abeyance pending resolution of these issues.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiff's motion for summary judgment [Doc. 35] be, and hereby is granted as to its ownership of the pictures' copyright, West Central's direct infringement, Master's vicarious infringement and defendants' joint and several liability;

2. Plaintiff's motion for summary judgment be, and hereby is denied as to defendants' willfulness and its request for attorney's fees.

3. A scheduling conference is set for September 21, 2009 at 1:00 p.m.

So ordered.

                                                            s/James G. Carr  
                                                            James G. Carr  
                                                            Chief Judge