IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Corbis Corporation,                                      Case No. 3:07CV3741

           Plaintiff

       v.                                              ORDER

Nick Starr, et al.,

           Defendants

       This is a copyright infringement case in which, following a jury verdict, plaintiff Corbis Corporation (Corbis) has moved for attorneys' fees from defendants Nick Starr d/b/a/ Master Maintenance (Master Maintenance) and West Central Ohio Internet Link, Ltd. (WCOIL).

       Pending is plaintiff's motion for costs and attorneys' fees. [Doc. 108]. On review of the motion and attached materials, I have determined that additional information is required before I can rule on the motion.

       The Copyright Act provides that I may, "in [my] discretion[,]" "allow the recovery of full costs by or against any party" and that I "may also award a *reasonable* attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added).

       As the Sixth Circuit stated: "The key requirement for an award of attorneys fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative

value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (internal citation and quotation omitted).

As another court in this district explained: "although counsel specified the general subject matter of the tasks performed, the billing records, which itemize time on a daily basis, rather than by task, make it impossible to determine the amount of time spent on each task." *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021 (N.D. Ohio 1997). The court continued: "Because numerous entries are "lumped" together under one total, "the court is left to approximate the amount of time which should be allocated to each task," and is unable to determine the reasonableness of many of the hours expended." *Id.*

Plaintiff attaches invoices to its motion. [Doc. 108-1, at 15-78]. These invoices, however, provide little detail as to what work counsel performed. They, instead, provide the name of the attorney, the date and the hours worked (in quarter-hour increments).[1] Also attached is an affidavit from attorney Matthew D. Ridings summarizing, by month: 1) how many hours each attorney worked; and 2) generally what work those attorneys—collectively—did during that month. [Doc. 108-1, at 1-13].

---

[1] I have previously stated that quarter hour billing and conclusory descriptions "invite downward adjustment" of attorneys fees. *See Tierney v. City of Toledo*, 1989 WL 161543, *6 (N.D. Ohio).

Counsel should also understand that, in my view, billing in tenths of an hour, rather than that quarter-hour increments, is appropriate. Quarter-hour increments are a fee-enhancing, rather than fee-constraining, mechanism. *See, e.g.*, *Republican Party of Minn. v. White*, 456 F.3d 912, 920 (8th Cir. 2006) ("We agree that quarter-hour increment billing is less reliable than tenth-hour billing and risks bill inflation."); *Brumitte v. Astrue*, 2009 WL 3208594, *4 (E.D. Tenn.) ("[T]he court reiterates that quarter-hour billing is disfavored in this district.").

Defendants argue that this information is insufficient. I agree. I am unable to determine to any fair degree of certainty, based on the current submission, which attorney did which task, and how much time each attorney spent on each task. *See Imwalle*, *supra*, 515 F.3d at 553; *Cleveland Area Bd. of Realtors*, *supra*, 965 F. Supp. at 1021. This information is necessary for me to determine whether the fees submitted are "reasonable."

Plaintiff must therefore submit a more detailed version of the billing invoices that lists: 1) the attorney; 2) a description of the work performed; and 3) time spent on that work.

In its replies, plaintiff contends that it has provided sufficient detail, but states it is "willing to provide any additional information to the Court that it deems necessary for its review" [Doc. 117, at 11] and "submit unredacted invoices for this Court's inspection *in camera*." [Doc. 118, at 9]. Plaintiff asserts generally that it submitted the invoices in their current form "to preserve attorney-client privilege[2] and attorney work product."[3] [Doc. 117, at 13].

Plaintiff bears the burden of establishing that attorney-client privilege or work product privilege applies. *E.g.*, *Biegas v. Quickway Carriers, Inc*., 573 F.3d 365, 381 (6th Cir. 2009) (work product); *U.S. v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) (attorney-client privilege). Based on

---

[2] The attorney-client privilege does not protect "the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of the employment." *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1218 (6th Cir. 1985); *accord In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000) ("The identity of the client, the amount of the fee, the identification of payment by case name, and the general purpose of the work performed are usually not protected by the attorney-client privilege because such information ordinarily reveals no confidential professional communications between attorney and client" (internal citations omitted)).

[3] The work product doctrine "protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). It protects: 1) "documents and tangible things"; 2) "prepared in anticipation of litigation or for trial"; 3) by or for another party or its representative." Fed. R. Civ. P. 26(b)(3).

the current submissions, I cannot evaluate any such claim. To the extent, thus, that plaintiff asserts that certain portions of its full billing statements are either privileged or protected by the work product doctrine, it may submit both redacted and unredacted versions of its billing statements.[4]

It is, therefore,

ORDERED THAT plaintiff submit more detailed billing statements by July 8, 2010; defendants granted leave to respond thereto, if they desire to do so, by July 15, 2010.[5]

So ordered.

s/James G. Carr
U.S. District Judge

---

[4] Plaintiff may not do as it proposes, and submit *only* an unredacted version for my *in camera* review. I also note that statements regarding generally what counsel did for a specific period of time (i.e., "prepared summary judgment reply") are not privileged or work product.

[5] The attorneys' fees and expenses plaintiff will incur responding to this Order are not chargeable to defendant.